## Watkins v. Holbrook et al.

October 21, 1949.

Chester A. Bach for appellant.

Williams & Allen for appellees.

CLAY, COMMISSIONER—Affirming.

This is an election contest involving an alleged violation of the Corrupt Practices Act. KRS, Chapter 123, particularly KRS 123.040. In the primary election held on last August 6, appellant ran third in the Democratic race for the Justice of the Peace nomination. In his petition he alleged that the winner of the election, appellee Holbrook, and the candidate who received the second highest number of votes, appellee Hounshell, spent large sums of money for the purpose of buying votes and otherwise unlawfully influencing the free will of voters. The Circuit Court found appellant had failed to prove his charges, and dismissed his petition.

It appears necessary only to consider the contest

as between appellant and appellee Holbrook, because if the latter did not violate the law, the controversy with appellee Hounshell is moot.

The charges against Holbrook are in substance as follows: (1) he personally bribed two voters; (2) he gave a supporter $50 to hire transportation and "get out the vote;" (3) his brother spent a small sum to influence voters; (4) two supporters had bought votes for him; and (5) the appellees had been heard discussing how much they would pay for votes.

(1). Appellant and another witness testified they saw Holbrook in conversation with two women near the polls; as he started to leave one woman said, "He gave me $4.00, how much did he give you?" The other answered, "$4.00 and would have give me $5.00 if I had asked him." No one testified Holbrook handed over any money or made any statement at the time. He and one of the women involved specifically denied the transaction and the alleged conversation.

(2). It is not denied that Holbrook paid $50 to one Irvine Prater, but the evidence shows this money was furnished for the purpose of hiring transportation; it was not needed for that purpose; and substantially all of it was returned.

(3). There is evidence that Holbrook's brother expended $12 or $14 on election day. He stated he used the money to buy cold drinks and "a few little things for the boys." There is no. showing this money was used unlawfully or that appellee knew of its expenditure.

(4). There is direct testimony by two voters that they were bribed to vote for appellee. The persons who allegedly paid over the money denied such transactions, and even if the bribes were actually given, it is not shown that such incidents occurred with the knowledge or consent of Holbrook.

(5). There is testimony that Hounshell remarked, in the presence of Holbrook, that he would give $25 for votes. The implication is that the two candidates were holding an informal auction. This transaction is explained as a bit of banter on election day, and even if the explanation was not sufficient, Holbrook made no statement which would implicate him.

There is a great deal of incompetent hearsay testimony in the record which might tend to create a suspicion that the Corrupt Practices Act was violated. In order to justify setting aside the results of an election, the incriminating facts should be established by competent and substantial evidence fairly indicating unlawful acts were committed with the contestee's knowledge, consent or procurement. Claypool v. Hines, 288 Ky. 18, 155 S. W. 2d 478.

In this case we do not believe appellant presented evidence of sufficient character to sustain his charges in view of the contradictory proof. Certainly the Chancellor's findings of fact are amply supported by the record, and as this is the only justicable issue presented, no reason for reversal is made manifest.

The judgment is affirmed.